1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAZELLE RICHARD,<br><br>                    Plaintiff,<br><br>        v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, as Receiver for<br>VENTURE BANK; PRIUM COMPANIES,<br>LLC; and VENTURE FINANCIAL<br>GROUP,<br><br>                    Defendants. | CASE NO. C12-5190 RJB<br><br>ORDER GRANTING FDIC'S<br>MOTION TO DISMISS |

This matter comes before the Court on Defendant Federal Deposit Insurance

Corporation's motion to dismiss for lack of subject matter jurisdiction. Dkt. 9.  The Court has

considered the pleadings in support of and in opposition to the motion and the record herein.

**INTRODUCTION AND ACKGROUND**

The Washington Department of Financial Institutions closed Venture Bank and appointed

the Federal Deposit Insurance Corporation (FDIC) as its receiver on Friday, September 11, 2009.

Dkt. 9-1 pp. 4-5.  All depositors, including Gazelle Richard, were sent notice by mail that

1  Venture Bank had been closed and the deposits and assets assumed by First Citizens Bank.  Dkt.

2  13-1 pp. 4-5.  The FDIC published a "Notice to Creditors and Depositors of Venture Bank

3  Lacey, Washington" in the Seattle Times on three separate dates: September 17, 2009; October

4  19, 2009; and November 19, 2009.  These notices all contained the following information: "On

5  September 11, 2009 (the "Closing Date"), the Washington Department of Financial Institutions

6  closed VENTURE BANK, LACEY, WA. 98503 (the "Failed Institution") and appointed the

7  Federal Deposit Insurance Corporation as Receiver (the "Receiver") to handle all matters relating

8  to the Failed Institution."  The Notices further explained the required claims process by stating

9  that parties "having claims against the Failed Institution must submit their claims in writing,

10  together with proof of the claims to the Receiver."  Dkt. 13-1 pp. 7-10

11       The present lawsuit was filed on October 28, 2011.  Dkt. 9-1 pp. 13-19.  The case was

12  removed to this Court on March 5, 2012.  Dkt. 9-1 pp. 21-23.

13       The FDIC moves to dismiss this lawsuit for lack of subject matter jurisdiction because

14  Plaintiff Gazelle Richard failed to exhaust her administrative remedy against the FDIC prior to

15  commencing this action.  Dkt. 9 pp. 1-5.

16       Plaintiff requests the Court not dismiss the cause of action because Plaintiff did not

17  receive notice of the appointment of the receiver and notice of the filing deadlines.  Plaintiff

18  further requests that the Court stay this action pending Plaintiff's filing an administrative claim

19  with the FDIC.  Dkt. 12 pp. 1-6.

20                          **RULE 12(b)(1) MOTION TO DISMISS**

21       Fed. R. Civ. P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter

22  jurisdiction.  It is a fundamental precept that federal courts are courts of limited jurisdiction and

23  limits upon federal jurisdiction must be neither disregarded nor evaded.  *Owen Equipment &*

24

ORDER GRANTING FDIC'S MOTION TO
DISMISS- 2

1    *Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  The plaintiff has the burden of establishing

2    that subject matter jurisdiction is proper.  *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377

3    (1994).  When considering a motion to dismiss for lack of subject matter jurisdiction, the court

4    presumes the factual allegations of the complaint are true and draws reasonable inferences in

5    favor of the non-moving party.  *Whisnaut v. U.S.,* 400 F.3d 1177, 1179 (9th Cir. 2005).  This

6    tenet that allegations must be taken as true does not extend to legal conclusions contained in the

7    complaint. *Ashcroft v. Iqbal*, 556 U.S. 66 (2009).

8                                   **EXHAUSTION UNDER THE FIRREA**

9            Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of

10   1989 (FIRREA), 12 U.S.C. § 1821, to enable the federal government to respond swiftly and

11   effectively to the declining financial condition of the nation's banks and savings institutions.

12   *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993).  FIRREA grants the

13   FDIC, as receiver, with broad powers to determine claims asserted against failed banks. *Id*.  To

14   effectuate this power, Congress created a claims process for the filing, consideration and

15   determination of claims against insolvent banks.  *Id*.  The process requires the FDIC to publish

16   notice of the insolvency and claims filing process three times in appropriate publications, 12

17   U.S.C. § 1821(d)(3)(B)(i)(ii), and to mail a similar notice to any creditor shown on the insolvent

18   institution's books. 12 U.S.C. § 1821(d)(3)(C). Once a claim is filed, the statutory process allows

19   the FDIC 180 days to either allow or decline a claim. 12 U.S.C. § 1821(d)(5)(A)(i). If the claim

20   is disallowed, or if 180 days expire without an FDIC determination, the claimant may request

21   further administrative consideration of the claim, or seek judicial review. 12 U.S.C. § 1821(d)(6).

22           In this action, the FDIC challenges the Court's jurisdiction based on the limitation to

23   judicial review set forth in 12 U.S.C. § 1821(d)(13)(D), which provides:

24

1    Except as otherwise provided in this subsection, no court shall have jurisdiction over-

2    (i) any claim or action for payment from, or any action seeking a determination of rights
     with respect to, the assets of any depository institution for which the Corporation has
3    been appointed receiver, including assets which the Corporation may acquire from itself
     as such receiver; or

4
     (ii) any claim relating to any act or omission of such institution or the Corporation as
5    receiver.

6    The phrase "except as otherwise provided" refers to the provisions that allow jurisdiction

7    after the administrative claims process has been completed. *Sharpe v. FDIC*, 126 F.3d 1147,

8    1156 (9th Cir. 1997).

9    In *Henderson v. Bank of New England*, 986 F.2d 319, 320-21 (9th Cir. 1993), the court

10   held that no jurisdiction exists if a claimant does not exhaust FIRREA's administrative process.

11   The claimant in *Henderson* filed his complaint against the bank in district court before

12   exhausting his administrative remedies but after the FDIC was appointed as receiver for the

13   bank.  The Ninth Circuit held that the district court lacked subject matter jurisdiction because

14   FIRREA "contains no provision granting federal jurisdiction to claims filed after a receiver is

15   appointed but before administrative exhaustion." *Id*. at 320.  Section 1821(d)(13)(D) strips all

16   courts of jurisdiction over claims made outside the administrative procedures of §1821. *Id*. at

17   320.

18   In *Intercontinental Travel Marketing, Inc. v. FDIC*, 45 F.3d 1278 (9th Cir. 1994), the

19   court held that compliance with the FIRREA's exhaustion requirement is mandatory for both

20   pre- and post-receivership cases.  FIRREA makes participation in the administrative claim

21   review process mandatory, regardless of whether the claims were filed before or after the FDIC

22   was appointed receiver of the failed institution. *Id*. at 1282-83.  Only after the FDIC denies a

23

24

ORDER GRANTING FDIC'S MOTION TO
DISMISS- 4

1   claim or fails to act within 180 days after receiving the claim may judicial review be sought or a

2   previously filed action continued. *Id.* at 1283.

3        It is undisputed that Plaintiff Richard failed to exhaust her administrative claim prior to

4   commencing this action. Thus, ordinarily, her suit is subject to dismissal.

5        A stay of an action in order to permit exhaustion, rather than a dismissal, may be

6   appropriate with respect to an action pending at the time of appointment of the FDIC as receiver

7   and where there still exist time for the claimant to file an administrative claim. However, when

8   the claims bar date has expired, a stay is inappropriate. *Intercontinental Travel Marketing, Inc.*,

9   45 F.3d at 1284.

10       Plaintiff Richard's action was filed subsequent to the appointment of the FDIC as

11   receiver and after the claims bar date had expired. Thus, the issuance of a stay is inappropriate.

12       Nonetheless, Plaintiff opposes dismissal on the basis of lack of notice.

13                          **NOTICE AND FIRREA EXHAUSTION**

14       Although Defendant FDIC claims it provided the required notice to Gazelle Richard,

15   Plaintiff asserts that she did not receive notice of the appointment of FDIC as receiver or notice

16   of the claims bar date.

17       Failure to provide notice of receivership and/or the claims bar date does not excuse

18   creditor from exhaustion of administrative claims. The FIRREA provides administrative relief to

19   a claimant that fails to timely file an administrative claim due to lack of notice of receivership.

20   12 U.S.C. § 1821(d)(5)(C)(i) provides for the final disallowance of claims filed after the claims

21   bar date stated in the notice published by the FDIC. 12 U.S.C. § 1821(d)(5)(C)(ii) provides an

22   exception to this general rule of disallowance if

23              (I) the claimant did not receive notice of the appointment of the receiver in time to
               file such claim before such date; and

24

1    (II) such claim is filed in time to permit payment of such claim.

2    Section § 1821(d)(5)(C)(ii) permits claimants who did not receive notice of the receiver's

3    appointment to file administrative claims after the bar date imposed by FIRREA has passed.

4    *McCarthy v. F.D.I.C.* 348 F.3d 1075, 1080 (9th Cir. 2003).  Thus, exhaustion is required prior to

5    federal court jurisdiction.

6    The Ninth Circuit has held that, while potentially negligent, the FDIC's failure to mail

7    timely notice of the claims bar date to creditors is not enough to toll the claims bar date.  The

8    negligence of the FDIC does not justify preventing the FDIC from further action.  The FDIC has

9    interpreted § 1821(d)(5)(C)(ii) to permit late filing by those whose claims do not arise until after

10   the deadline has passed. *McCarthy*, 348 F.3d at 1080.  Thus, despite the FDIC's failure to mail

11   timely notice, a claimant is still obligated to exhaust the statutorily mandated administrative

12   claims process before jurisdiction could fall with the federal courts.  See *McCarthy*, 348 F.3d at

13   1081; *Intercontinental Travel Marketing, Inc., v. FDIC*, 45 F.3d 1278, 1285 (9th Cir. 1994).

14   Failure to give notice does not render the administrative claims process inapplicable.

15   FIRREA's exhaustion requirement applies to any claim or action respecting the assets of a failed

16   institution for which the FDIC is receiver.  The purported lack of notice does not preclude FDIC

17   action and Plaintiff must exhaust administrative remedies.

18   This Court lacks subject matter jurisdiction.  Plaintiff must therefore first complete the

19   claims process before seeking judicial review.

20

21

22

23

24

1

## CONCLUSION

2   Therefore, it is hereby **ORDERED:**

3   1.   The Motion to Dismiss Defendant Federal Deposit Insurance Corporation (FDIC), as

4        Receiver for Venture Bank for Lack of Subject Matter Jurisdiction (Dkt. 9) is

5        **GRANTED**.

6   2.   Plaintiff's request for a stay is **DENIED.**

7   3.   All claims alleged against the FDIC as Receiver for Venture Bank are dismissed for

8        lack of subject matter jurisdiction, without prejudice to Plaintiff to refile after she has

9        exhausted her administrative remedies.

10  Dated this 24th day of April, 2012.

11

12

13  ROBERT J. BRYAN
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING FDIC'S MOTION TO
DISMISS- 7