UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAZELLE RICHARD,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for VENTURE BANK; PRIUM COMPANIES, LLC; and VENTURE FINANCIAL GROUP,<br><br>Defendants. | CASE NO. C12-5190 RJB<br><br>ORDER GRANTING FDIC'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Federal Deposit Insurance Corporation's motion to dismiss for lack of subject matter jurisdiction. Dkt. 9. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

**INTRODUCTION AND ACKGROUND**

The Washington Department of Financial Institutions closed Venture Bank and appointed the Federal Deposit Insurance Corporation (FDIC) as its receiver on Friday, September 11, 2009. Dkt. 9-1 pp. 4-5. All depositors, including Gazelle Richard, were sent notice by mail that

| | |
|---|---|
| 1 | Venture Bank had been closed and the deposits and assets assumed by First Citizens Bank.  Dkt. |
| 2 | 13-1 pp. 4-5.  The FDIC published a "Notice to Creditors and Depositors of Venture Bank |
| 3 | Lacey, Washington" in the Seattle Times on three separate dates: September 17, 2009; October |
| 4 | 19, 2009; and November 19, 2009.  These notices all contained the following information: "On |
| 5 | September 11, 2009 (the "Closing Date"), the Washington Department of Financial Institutions |
| 6 | closed VENTURE BANK, LACEY, WA. 98503 (the "Failed Institution") and appointed the |
| 7 | Federal Deposit Insurance Corporation as Receiver (the "Receiver") to handle all matters relating |
| 8 | to the Failed Institution."  The Notices further explained the required claims process by stating |
| 9 | that parties "having claims against the Failed Institution must submit their claims in writing, |
| 10 | together with proof of the claims to the Receiver."  Dkt. 13-1 pp. 7-10 |
| 11 | The present lawsuit was filed on October 28, 2011.  Dkt. 9-1 pp. 13-19.  The case was |
| 12 | removed to this Court on March 5, 2012.  Dkt. 9-1 pp. 21-23. |
| 13 | The FDIC moves to dismiss this lawsuit for lack of subject matter jurisdiction because |
| 14 | Plaintiff Gazelle Richard failed to exhaust her administrative remedy against the FDIC prior to |
| 15 | commencing this action.  Dkt. 9 pp. 1-5. |
| 16 | Plaintiff requests the Court not dismiss the cause of action because Plaintiff did not |
| 17 | receive notice of the appointment of the receiver and notice of the filing deadlines.  Plaintiff |
| 18 | further requests that the Court stay this action pending Plaintiff's filing an administrative claim |
| 19 | with the FDIC.  Dkt. 12 pp. 1-6. |
| 20 | **RULE 12(b)(1) MOTION TO DISMISS** |
| 21 | Fed. R. Civ. P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter |
| 22 | jurisdiction.  It is a fundamental precept that federal courts are courts of limited jurisdiction and |
| 23 | limits upon federal jurisdiction must be neither disregarded nor evaded.  *Owen Equipment &* |
| 24 | |

*Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The plaintiff has the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). When considering a motion to dismiss for lack of subject matter jurisdiction, the court presumes the factual allegations of the complaint are true and draws reasonable inferences in favor of the non-moving party. *Whisnaut v. U.S.,* 400 F.3d 1177, 1179 (9th Cir. 2005). This tenet that allegations must be taken as true does not extend to legal conclusions contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 66 (2009).

## EXHAUSTION UNDER THE FIRREA

Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821, to enable the federal government to respond swiftly and effectively to the declining financial condition of the nation's banks and savings institutions. *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993). FIRREA grants the FDIC, as receiver, with broad powers to determine claims asserted against failed banks. *Id*. To effectuate this power, Congress created a claims process for the filing, consideration and determination of claims against insolvent banks. *Id.* The process requires the FDIC to publish notice of the insolvency and claims filing process three times in appropriate publications, 12 U.S.C. § 1821(d)(3)(B)(i)(ii), and to mail a similar notice to any creditor shown on the insolvent institution's books. 12 U.S.C. § 1821(d)(3)(C). Once a claim is filed, the statutory process allows the FDIC 180 days to either allow or decline a claim. 12 U.S.C. § 1821(d)(5)(A)(i). If the claim is disallowed, or if 180 days expire without an FDIC determination, the claimant may request further administrative consideration of the claim, or seek judicial review. 12 U.S.C. § 1821(d)(6).

In this action, the FDIC challenges the Court's jurisdiction based on the limitation to judicial review set forth in 12 U.S.C. § 1821(d)(13)(D), which provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over-
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

The phrase "except as otherwise provided" refers to the provisions that allow jurisdiction after the administrative claims process has been completed. *Sharpe v. FDIC*, 126 F.3d 1147, 1156 (9th Cir. 1997).

In *Henderson v. Bank of New England*, 986 F.2d 319, 320-21 (9th Cir. 1993), the court held that no jurisdiction exists if a claimant does not exhaust FIRREA's administrative process. The claimant in *Henderson* filed his complaint against the bank in district court before exhausting his administrative remedies but after the FDIC was appointed as receiver for the bank. The Ninth Circuit held that the district court lacked subject matter jurisdiction because FIRREA "contains no provision granting federal jurisdiction to claims filed after a receiver is appointed but before administrative exhaustion." *Id*. at 320. Section 1821(d)(13)(D) strips all courts of jurisdiction over claims made outside the administrative procedures of §1821. *Id*. at 320.

In *Intercontinental Travel Marketing, Inc. v. FDIC*, 45 F.3d 1278 (9th Cir. 1994), the court held that compliance with the FIRREA's exhaustion requirement is mandatory for both pre- and post-receivership cases. FIRREA makes participation in the administrative claim review process mandatory, regardless of whether the claims were filed before or after the FDIC was appointed receiver of the failed institution. *Id*. at 1282-83. Only after the FDIC denies a

claim or fails to act within 180 days after receiving the claim may judicial review be sought or a previously filed action continued. *Id.* at 1283.

It is undisputed that Plaintiff Richard failed to exhaust her administrative claim prior to commencing this action. Thus, ordinarily, her suit is subject to dismissal.

A stay of an action in order to permit exhaustion, rather than a dismissal, may be appropriate with respect to an action pending at the time of appointment of the FDIC as receiver and where there still exist time for the claimant to file an administrative claim. However, when the claims bar date has expired, a stay is inappropriate. *Intercontinental Travel Marketing, Inc.*, 45 F.3d at 1284.

Plaintiff Richard's action was filed subsequent to the appointment of the FDIC as receiver and after the claims bar date had expired. Thus, the issuance of a stay is inappropriate.

Nonetheless, Plaintiff opposes dismissal on the basis of lack of notice.

## NOTICE AND FIRREA EXHAUSTION

Although Defendant FDIC claims it provided the required notice to Gazelle Richard, Plaintiff asserts that she did not receive notice of the appointment of FDIC as receiver or notice of the claims bar date.

Failure to provide notice of receivership and/or the claims bar date does not excuse creditor from exhaustion of administrative claims. The FIRREA provides administrative relief to a claimant that fails to timely file an administrative claim due to lack of notice of receivership. 12 U.S.C. § 1821(d)(5)(C)(i) provides for the final disallowance of claims filed after the claims bar date stated in the notice published by the FDIC. 12 U.S.C. § 1821(d)(5)(C)(ii) provides an exception to this general rule of disallowance if

> (I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and

(II) such claim is filed in time to permit payment of such claim.

Section § 1821(d)(5)(C)(ii) permits claimants who did not receive notice of the receiver's appointment to file administrative claims after the bar date imposed by FIRREA has passed. *McCarthy v. F.D.I.C.* 348 F.3d 1075, 1080 (9th Cir. 2003). Thus, exhaustion is required prior to federal court jurisdiction.

The Ninth Circuit has held that, while potentially negligent, the FDIC's failure to mail timely notice of the claims bar date to creditors is not enough to toll the claims bar date. The negligence of the FDIC does not justify preventing the FDIC from further action. The FDIC has interpreted § 1821(d)(5)(C)(ii) to permit late filing by those whose claims do not arise until after the deadline has passed. *McCarthy*, 348 F.3d at 1080. Thus, despite the FDIC's failure to mail timely notice, a claimant is still obligated to exhaust the statutorily mandated administrative claims process before jurisdiction could fall with the federal courts. See *McCarthy*, 348 F.3d at 1081; *Intercontinental Travel Marketing, Inc., v. FDIC*, 45 F.3d 1278, 1285 (9th Cir. 1994).

Failure to give notice does not render the administrative claims process inapplicable. FIRREA's exhaustion requirement applies to any claim or action respecting the assets of a failed institution for which the FDIC is receiver. The purported lack of notice does not preclude FDIC action and Plaintiff must exhaust administrative remedies.

This Court lacks subject matter jurisdiction. Plaintiff must therefore first complete the claims process before seeking judicial review.

## CONCLUSION

Therefore, it is hereby **ORDERED**:

1. The Motion to Dismiss Defendant Federal Deposit Insurance Corporation (FDIC), as Receiver for Venture Bank for Lack of Subject Matter Jurisdiction (Dkt. 9) is **GRANTED**.

2. Plaintiff's request for a stay is **DENIED.**

3. All claims alleged against the FDIC as Receiver for Venture Bank are dismissed for lack of subject matter jurisdiction, without prejudice to Plaintiff to refile after she has exhausted her administrative remedies.

Dated this 24th day of April, 2012.

ROBERT J. BRYAN
United States District Judge