| | |
|---|---|
| GAZELLE RICHARD, | CASE NO. C12-5190 RJB |
| Plaintiff, | ORDER GRANTING VENTURE FINANCIAL GROUP'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for VENTURE BANK; PRIUM COMPANIES, LLC; and VENTURE FINANCIAL GROUP, | |
| Defendants. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Defendant Venture Financial Group's motion for summary judgment. Dkt. 10. Plaintiff has not filed a response to the motion. The Court has considered the pleadings in support of the motion and the record herein.

**INTRODUCTION AND ACKGROUND**

This case involves a slip and fall incident which allegedly occurred in December 20, 2008, as Plaintiff was attempting to get out of her car and walk up to Venture Bank to make a deposit. Dkt. 1 pp. 6. The lease of the subject property was between Venture Bank and

ORDER GRANTING VENTURE FINANCIAL
GROUP'S MOTION FOR SUMMARY
JUDGMENT- 1

1  Defendant Prium Companies, LLC.  Dkt. 10-1 pp. 1-2.  Venture Bank was closed, and the
2  Federal Deposit Insurance Corporation (FDIC) was named as a Receiver, in September, 2009.
3  Dkt. 9-1 pp. 4-5, Dkt. 10-1 pp. 1-2.  Defendant Venture Financial Group was a shareholder in the
4  bank before the bank was closed.  Dkt. 10-1 pp. 1-2.  Venture Financial Group exercised no
5  control over the premises.  *Id.*

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party. *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact that might

affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiff has failed to respond to the motion for summary judgment. Local Rule CR 7(b)(2) requires each party opposing a motion to file a response. The rule states, in relevant part that "[i]f a party fails to file the papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Although it is within the Court's discretion to view Plaintiffs' failure to respond as acquiescence to the granting of the motion, the Court will review the motion on its merits to ensure entry of judgment is appropriate.

## NO SHAREHOLDER LIABILITY

Venture Financial Group was nothing more than a shareholder in a corporation which no longer exists. Absent some extraordinary circumstances, giving grounds for "piercing the corporate veil", shareholders arc not liable for the alleged torts of a corporation. See, e.g. Grayson v. Nordic Constr'. Co., 92 Wn.2d 548 (1979). Venture Financial Group had no lease with Defendant Prium Companies, LLC and there is a total lack of evidence of an obligation of the part of Venture Financial Group to maintain the premises. Venture Financial Group is entitled to summary judgment of dismissal of Plaintiff's claims.

/

/

/

/

/

/

# CONCLUSION

Therefore, it is hereby **ORDERED:**

Defendant Venture Financial Group's Motion for Summary Judgment (Dkt. 10) is **GRANTED.** All claims against Venture Financial Group are **DISMISSED WITH PREJUDICE.**

Dated this 30th day of May, 2012.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge